EMMA V. CORNING, Respondent, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Second Department, June 12, 1936.

188

*Solon Weit* [*Morris Aarons* with him on the brief], for the appellant.

*James D. Brown* [*Frank J. McConnell* and *Karl S. Mayhew* with him on the brief], for the respondent.

HAGARTY, J. On the 7th day of February, 1935, Thomas J. Corning executed to the defendant an application for a $5,000 life insurance policy with a double indemnity feature in the event of death by accident, underwent a medical examination and advanced the sum of $30.80, which was the amount of the first quarterly premium under the form of insurance for which he applied. In return, he received a receipt, which read:

" Received from Thomas J. Corning (Applicant) the sum of $30.80 Thirty Dollars & 80/100 Dollars, being payment on account of a policy applied for in The Prudential Insurance Company of America.

" It is understood that no Agent has power in behalf of the Company to make or modify any application for insurance, or to bind the Company by making any promise or representation, but that if the above payment is equal to the full first premium * on said policy (and not otherwise), the insurance shall take effect from the date of the application, in accordance with the provisions of the policy applied for, provided said application is approved and accepted at the Home Office of the Company, in Newark, New Jersey, under the plan, for the premium paid and amount of insurance applied for.

" It is further agreed that said Company will return the amount mentioned hereon if it declines to grant a policy on the life of said applicant, or if it issues a policy other than as applied for which is not accepted by the applicant.

" * NOTE.— Unless you receive your policy, or your money is returned within six weeks from the date of this receipt, please notify the Company, giving the name of the person to whom paid, the amount paid and the date of payment. James Anderson, Agent."

The application, in so far as material, provides as follows: "It is understood and agreed, however, that if at the time of signing this application the full first premium is paid, the insurance shall take effect from the date of this application, in accordance with the provisions of the policy hereby applied for, provided this application is approved and accepted at the Home Office of the Company, in Newark, New Jersey, under the plan, for the premium paid and amount of insurance applied for."

The application reached the home office of the defendant in Newark, N. J., on the 11th day of February, 1935. After an inspection report had been ordered and procured, the application was declined by the defendant. Thereafter, and on the 15th day of February, 1935, the defendant forwarded a policy of insurance of a different type and one which called for a larger premium to its district office at Rockville Centre, with instructions to that office to advise the applicant that defendant had declined to grant the policy applied for and had offered, instead, the substituted policy. That office was further instructed that, if the applicant was willing to accept the proposed policy, the difference in premium was to be collected from him. The agent in charge of the application received the instructions and the proposed policy on the 16th day of February, 1935, and on the same day went to the residence of the applicant to advise him but could find no one at home and learned that the applicant was out of town.

The applicant had left New York to join the plaintiff, his wife and proposed beneficiary of the insurance, on the day following the making of the application. Thereafter, and on the 15th day of February, 1935, he sustained injuries in an automobile collision which caused his death on the 18th day of February, 1935.

The substituted or proposed insurance policy issued by the defendant was at no time accepted by the applicant, and hence there was no meeting of the minds with respect to it. Therefore, it never became a binding and enforcible contract. (*Insurance Co.* v. *Young's Administrator*, 90 U. S. [23 Wall.] 85; *Prudential Ins. Co.* v. *Snyder*, 142 Misc. 150, 157; affd., without opinion, 229 App. Div. 852.)

Upon the foregoing facts, which are undisputed, both parties moved for judgment, the plaintiff-respondent contending that the insurance took effect on the date of the making of the application and payment of the premium by check which was cashed by the defendant, namely, the 7th day of February, 1935. The defendant-appellant, of course, contends that its approval was essential to the taking effect of the policy and that no insurance ever took effect because of its declination of approval.

I am of opinion that the provisions quoted from the printed application and receipt are unambiguous and sufficed to apprise the applicant that the insurance was conditioned upon the defendant's approval.

In granting plaintiff-respondent's motion, the learned Special Term justice relied upon the authority of *Hart* v. *Travelers Insurance Co.* (236 App. Div. 309; affd., without opinion, 261 N. Y. 563) and *Buono* v. *Prudential Insurance Co. of America* (240 App. Div. 898). I am of opinion that the *Hart Case (supra)*, which is invoked as authority in the *Buono Case (supra)*, must be distinguished from the present one because of the substantial differences that appear in the respective receipts which were given the applicant for the payment of premium.

These receipts are on printed forms furnished by the company and the applicant is entitled to the benefit of any ambiguity which is present under the circumstances of a transaction whereby the company receives the premium and dates the policy from the making of the application. If the condition of approval is buried beneath a mass of misleading verbiage, its ambiguity must be decided in favor of the applicant. Thus, in the *Hart Case (supra)* the receipt contained a number of so-called terms and conditions, the first of which was a clear and unconditional statement that upon payment in full of the first premium the insurance shall be in force from the date of the receipt. Subsequent terms, under different subdivisions, were not reconcilable with this expression at the outset and thus created an ambiguity.

In this case the language of the receipt in the one sentence dealing with the taking effect of the insurance, fortified by similar language in the application, makes it plain that approval by the company is a prerequisite.

In the *Buono Case (supra)* our memorandum decision did not completely express the opinion of the majority of the court. Although the *Hart* case was there invoked, judgment dismissing the complaint was reversed, but a new trial was granted. In that case, in our opinion, the length of time during which the insurance company kept the application without rejecting it, as well as the acceptance of the premium, created a question of fact as to whether or not there had been a waiver of the provision relative to approval.

The learned Special Term justice also cites *Stone* v. *Prudential Insurance Co.* (243 App. Div. 671; revd., 268 N. Y. 91). An examination of the case on appeal shows that the receipt given there was in language substantially different from the present one and, in fact, does not even expressly condition the taking effect of the insurance upon approval by the company. That case, of course, turned upon an entirely different question.

The clear and unambiguous language of the application and receipt in this case requires a holding that the insurance was not to take effect until the application was approved, and, under the undisputed facts, not only was such approval never given but the defendant declined with reasonable promptness.

The order and judgment should be reversed on the law, with ten dollars costs and disbursements, plaintiff's motion denied and defendant's motion granted, with ten dollars costs.

LAZANSKY, P. J., CARSWELL, DAVIS and JOHNSTON, JJ., concur.

Order and judgment reversed on the law, with ten dollars costs and disbursements, plaintiff's motion denied, and defendant's motion granted, with ten dollars costs.