JOSEPHINE ARCURI, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

First Department, October 30, 1936.

502

*Merwin F. Le Vine* of counsel [*Solon Weit*, attorney], for the appellant.

*Joseph L. Zoetzl*, for the respondent.

TOWNLEY, J. Plaintiff sued as the beneficiary of a life insurance policy. The defendant company pleaded that the policy never went into effect. The trial court found for the plaintiff. The facts in so far as they relate to this policy are that Antonio Ferraro, the deceased, applied. on December 7, 1928, for the policy in suit. He paid the first premium and agreed as follows: " I further agree that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained and that unless the full first premium is paid by me at the time of making this application, the policy shall not take effect until issued by the Company and received by me and the full first premium thereon is paid, while my health, habits and occupation are the same as described in this application. It is understood and agreed, however, that if at the time of signing this application the full first premium is paid, the insurance shall take effect from the date of this application, in accordance with the provisions of the policy hereby applied for, provided this application is approved and accepted at the Home Office of the Company, in Newark, New Jersey, under the plan for the premium paid and amount of insurance applied for."

The receipt signed by the agent also provided that the insurance would take effect from the date of the application provided the application " is approved and accepted at the Home Office of the Company." The plaintiff testified that when the money was paid over, Charnas, the agent, said to the deceased: " If anything happens to you from this minute on, you are protected. Even if

anything should happen to you today, this Mrs. Arcuri will get $10,000 from the Prudential Life Insurance Company. You have nothing to worry about from today on."

It is clear that Charnas had no authority to bind the company to any waiver of the terms of the application or of the receipt. Moreover, Charnas denied ever making any such statement.

Thereafter, on December 15, 1928, Charnas received from the home office of the defendant a letter in relation to this application for the policy in suit. The company said that it desired a specimen of the applicant's urine for home office analysis and asked Charnas to arrange for a suitable appointment for the medical examiner to get the specimen and send it to the home office. Charnas promptly telephoned Ferraro's home and asked for the specimen. Charnas was informed that Ferraro was then ill and that the company would have to wait for a specimen. Ferraro died the next day. The home office never approved the application. The company thereafter offered to return the premium which had been received.

The trial court relied upon *Hart* v. *Travelers Insurance Co.* (236 App. Div. 309; affd., 261 N. Y. 563) and *Buono* v. *Prudential Insurance Co. of America* (240 App. Div. 898). The provisions of the documents involved in the *Hart* case were different from the agreement above quoted and the *Buono* decision has been explained as depending on matters other than the provision as to approval by the home office. (*Corning* v. *Prudential Ins. Co. of America*, 248 App. Div. 187.) The language used in the policy at bar has been construed both by the Supreme Court of the United States in *Insurance Co.* v. *Young's Administrator* (90 U. S. [23 Wall.] 85) and by the Second Department in the *Corning Case (supra)*.

In the *Corning* case the court in its opinion pointed out the distinction between the language considered and that involved in *Hart* v. *Travelers Insurance Co.*, and said:

" I am of opinion that the provisions quoted from the printed application and receipt are unambiguous and sufficed to apprise the applicant that the insurance was conditioned upon the defendant's approval.

" In granting plaintiff-respondent's motion, the learned Special Term justice relied upon the authority of *Hart* v. *Travelers Insurance Co.* (236 App. Div. 309; affd., without opinion, 261 N. Y. 563) and *Buono* v. *Prudential Insurance Co. of America* (240 App. Div. 898). I am of opinion that the *Hart Case (supra)*, which is invoked as authority in the *Buono Case (supra)*, must be distinguished from the present one because of the substantial differences that appear in the respective receipts which were given the applicant for the payment of premium. * * *

"In this case the language of the receipt in the one sentence dealing with the taking effect of the insurance, fortified by similar language in the application, makes it plain that approval by the company is a prerequisite. * * *

"The clear and unambiguous language of the application and receipt in this case requires a holding that the insurance was not to take effect until the application was approved, and, under the undisputed facts, not only was such approval never given but the defendant declined with reasonable promptness."

We agree with the conclusion reached in these cases. There is no ambiguity in the language used in the receipt and application here, and no insurance became effective until the application was approved by the company.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.