FRANK HUGHES, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.— Order of the Appellate Term modifying the order of the Municipal Court by striking out the provision granting a new trial and inserting therein the provision that the complaint be dismissed and, as so modified, affirming the order, unanimously affirmed, with costs, on the authority of *Corning* v. *Prudential Insurance Co. of America* (248 App. Div. 187) and *Arcuri* v. *Prudential Insurance Co. of America* (Id. 501). Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ.

In the Matter of the Estate of ROBERT E. ADOLPH, Deceased. TITLE GUARANTEE AND TRUST COMPANY, as Administrator with the Will Annexed, etc., of ROBERT E. ADOLPH, Deceased, Appellant; VIRGINIA ADOLPH, Respondent.— In a discovery proceeding, decree of the Surrogate's Court, Queens county, modified by striking out the recital that reads as follows: " 1. The stock of the Rovad Realty Company is not an asset of the estate, as a gift of the same was made by decedent during his lifetime to the respondent," and by striking out the decretal paragraph that reads as follows: " Ordered, adjudged and decreed that the respondent is the owner of and entitled to the 10 shares of the stock of Rovad Realty Co., Inc.," and by adding to the decree a recital and a decretal paragraph to the effect that the said stock is an asset of the estate and no gift thereof was made to respondent, and directing the respondent to turn over the said stock to the petitioner. The decree is further modified by adding thereto a provision that respondent pay to petitioners interest at the rate of six per cent per annum on $538.62 from May 3, 1935, on $3,400 from August 2, 1935, on $288 from August 25, 1935, on $135.91 from February 23, 1936, on $200 from November 1, 1935, on $100 from December 17, 1935, on $100 from January 7, 1936, on $100 from February 11, 1936, on $100 from March 4, 1936, and on $100 from March 31, 1936, to June 28, 1937, in each case. The decree is further modified by adding thereto a provision that petitioner have costs, payable out of the respondent's distributive share of the estate. As so modified the decree is unanimously affirmed, in so far as an appeal is taken, with costs to appellant, payable out of the estate. A gift of the stock certificate was not established by a preponderance of the evidence; but, on the contrary, it appears that at the time of death ownership was in Robert E. Adolph. Proper exercise of discretion requires that respondent, whose actions made extended discovery proceedings necessary, pay costs of the proceeding in the Surrogate's Court. Interest should be paid on the funds improperly withdrawn from the estate. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ. Settle order on notice. [See *post*, p. 576.]