JOSEPH SCHULTZ & Co., INC., Respondent, v. CAMDEN FIRE INSURANCE ASSOCIATION, Appellant.

Submitted March 12, 1952; decided May 29, 1952.

144

*Paul D. Compton* for appellant. I. The findings of Special Term, relating to the alleged agreement to transfer the coverage of the policy from the 1922 Mack truck to the 1930 Mack truck, are not supported by the evidence. (*More* v. *New York Bowery Fire Ins. Co.,* 130 N. Y. 537; *Hughes* v. *John Hancock Mut. Life Ins. Co.,* 163 Misc. 31.) II. Even assuming the correctness of the lower court's findings regarding the alleged agreement, no liability thereunder was established. III. The decision cannot be sustained upon the theory that the 1930 Mack truck was substituted for the 1922 Mack truck pursuant to the substitution clause in the policy.

*Irving R. Kass* for respondent. I. The evidence clearly supports the findings. (*Mankes* v. *Fishman,* 163 App. Div. 789; *Ottida, Inc.,* v. *Harriman Nat. Bank & Trust Co.,* 260 App. Div. 1008; *Hammond* v. *Morgan,* 101 N. Y. 179.) II. In any event, no confirmation was necessary to cover the transfer, since under the terms of the policy itself there could be a substitution. III. The provision seemingly confining operations to two named drivers has no application to the facts herein, and in any event does not preclude recovery. (*Hammond* v. *Morgan,* 101 N. Y. 179.)

LEWIS, J.   The defendant insurance company issued its " Motor Truck Cargo Policy " effective November 8, 1947, insuring plaintiff for a period of one year against loss by stated perils — including theft — of goods in transit while " in or on " four motor trucks listed on an " addendum " to the policy.   One of the four trucks thus insured was a 1922 Mack five-ton truck upon which the limit of liability was $5,000.

In October, 1948, plaintiff purchased a 1930 Mack truck from which, according to testimony by plaintiff's president, the truck body was promptly removed and was replaced by a body taken from the 1922 Mack five-ton truck mentioned above.   On November 3, 1948, the plaintiff's newly acquired 1930 Mack truck, then equipped with the body transposed from the 1922 Mack truck, was loaded with merchandise and was driven by the witness Corsaro to a point on Atlantic Avenue near Pier 22 in Brooklyn.   Upon arriving at that point Corsaro dismounted from the truck cab and took his place in a line of shippers at a Pier 22 office awaiting instructions as to routing.   Upon receipt of such instructions Corsaro returned to the place on Atlantic Avenue where he had left the truck only to find that in the brief time he had been absent from the operator's cab the truck and its entire contents had been stolen.

It is the plaintiff's claim that, by the defendant's insurance policy issued on November 8, 1947, covering the four trucks listed therein as above stated, and by an oral contract to insure allegedly made in connection therewith by the plaintiff's broker with the defendant's authorized agent, the defendant is liable as insurer for the theft-loss thus sustained by the plaintiff.

Upon the decisive question as to whether, at the time of the theft, the 1930 Mack truck was within the coverage of a policy issued by the defendant, the complaint alleges that on or about October 28, 1948, the plaintiff made application through an insurance broker to John J. Kelle, Inc., a duly authorized agent of the defendant, requesting the transfer to the 1930 Mack truck of insurance coverage then applicable to the 1922 Mack truck — one of the four trucks listed in the 1947 policy.   It was further alleged that the defendant, by its agent, agreed on October 28, 1948, to include " said [1930] truck " under, and pursuant to the terms of the 1947 policy issued to the plaintiff; that the plaintiff agreed to make payment of additional pre-

mium, if any, by reason of such transfer; that it was agreed by and between the plaintiff and defendant that said insurance would be effective for the duration of the term of the 1947 policy; and that, in consideration of the premises, defendant promised and agreed to and with plaintiff, to execute and deliver to plaintiff, within a reasonable and convenient time, an addendum to the said policy of insurance, in the usual form, insuring the liability of plaintiff as carrier of lawful goods and merchandise, the property of others, on the said truck, under and pursuant to the terms of the said policy.

In our view of this record there is a lack of proof by the plaintiff sufficient in law to support the allegations of the complaint. There was testimony by plaintiff's president that in his endeavor to secure insurance upon the newly acquired 1930 Mack truck he communicated with Mrs. Sarah Valencia who had acted as insurance broker for the plaintiff in 1947 when the defendant had issued its policy covering four of the plaintiff's trucks. In an effort to prove an alleged oral agreement between the plaintiff and the defendant to effectuate a transfer to the 1930 Mack truck of insurance then applicable to the 1922 Mack truck under the 1947 policy which expired on November 8, 1948, the plaintiff called its broker as a witness. According to her testimony she had called by telephone on October 28, 1948, the office of John J. Kelle, Inc.,— concededly an authorized agent of the defendant — and had asked to speak to a Mr. Nolan, an authorized underwriter with whom the broker had previously dealt. Upon being informed that Mr. Nolan was not in his office, the broker asked if she " could speak to somebody else." Thereupon she was put into communication with Mr. Nolan's secretary. Although the witness admitted she did not know the " girls in that office " by name she testified she had transacted business with them, that she recognized the voice of the person who stated she was Mr. Nolan's secretary, and that, on prior occasions, she had received " endorsements " from that person. When the broker was asked " what did you say to her and what did she say to you? " the Trial Justice, upon appropriate objection by counsel for the defendant, refused to permit the broker to answer — the basis of the ruling being that the person with whom the broker claimed to have spoken by telephone had not been proven qualified

to bind the defendant. However, the insurance broker was permitted to testify that on October 29, 1948, she mailed to the office of John J. Kelle, Inc., — " attention Mr. Nolan " — a post card which she referred to as " Confirming my telephone conversation in reference to a transfer, giving the policy number, from a 1922 truck to a 1930, and the serial and motor number ". Although the broker's " return address " was on the face of the post card she testified it was not returned to her. It also appears from the broker's testimony that on November 3, 1948 — the date of the theft — when the broker was notified of plaintiff's loss of the 1930 Mack truck and its contents, she promptly called by telephone the office of John J. Kelle, Inc. At that time she reported the loss to Mr. Nolan and on the same date wrote the Kelle agency giving details as to the theft and describing the merchandise stolen. The broker's letter also contained the statement — " I had advised you on Friday, Oct. 29th, by postcard of a transfer of truck eliminating the 1922 Mack Motor #64385 and substituting in its place the above mentioned 1930 Mack Truck."

The defendant offered no testimony upon the trial which, in the first instance, was had before a jury upon framed issues. Nor was evidence introduced by the defendant when, by agreement of the parties, the case was submitted for final determination upon the evidence taken at the trial.

In *More* v. *New York Bowery Fire Ins. Co.* (130 N. Y. 537, 547) this court had occasion to state: " Our opinion is that when an application for insurance is made, and its rejection is not signified, no presumption of its acceptance can be indulged in. There must be actual acceptance, or there is no contract."

That statement of law has peculiar application to the facts of record in the present case where, as we have seen, there is no proof whatever that, on a date prior to the theft, an authorized agent of the defendant had agreed to transfer insurance coverage from the plaintiff's 1922 Mack truck to the 1930 Mack truck which was stolen. " A party cannot be held to contract where there is no assent. Silence operates as an assent and creates an estoppel only when it has the effect to mislead. There must be such conduct on the part of the insurer as would, if it were not estopped, operate as a fraud on the party who has

taken or neglected to take some action to his own prejudice in reliance upon it.'' (*More* v. *New York Bowery Fire Ins. Co., supra,* p. 545; and, see, *Truglio* v. *Zurich Gen. Accident & Liability Ins. Co.,* 247 N. Y. 423, 427; *Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400, 404; *Matter of Albrecht Chemical Co. [Anderson Trading Corp.],* 298 N. Y. 437, 440; *Hughes* v. *John Hancock Mut. Life Ins. Co.,* 163 Misc. 31, 32–34, mod. 254 App. Div. 570.)

As the defendant in the case at bar was free to make, or to decline to make the transfer of insurance coverage involved in the application allegedly made by plaintiff on October 28, 1948, and thus was free to accept or reject the new risk involved in such transfer, the burden of proof in this action was upon the plaintiff to establish that prior to the theft of the 1930 Mack truck and contents the defendant, by an authorized agent, had agreed to make the transfer of such insurance coverage. (*Lavine* v. *Indemnity Ins. Co.,* 260 N. Y. 399, 410.) Absent such proof, and lacking, as does the present record, proof of facts upon which the doctrine of equitable estoppel can be successfully invoked, we conclude that the plaintiff failed, as a matter of law, to establish any contract under which liability for loss occasioned by the theft can be imposed upon the defendant as insurer.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.