■ JESSIE B. ERATH et al., Appellants, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— GIBSON, P. J. Appeal by plaintiffs from a judgment of the Supreme Court entered upon a decision dismissing the complaint in an action to recover upon a life insurance policy, submitted upon an agreed statement of facts. An application for insurance upon the life of plaintiff's daughter, then five and one-half years old, was executed by her father who, at the same time, paid $62.60, representing the first premium, and obtained the defendant company's receipt therefor. The application provided that "if the full first premium * * * is paid * * * and if the completed application and such other information as may be required by the company are received by the company * * * and if the company determines to its satisfaction that the proposed insured was insurable on the date of this application * * * the insurance * * * shall take effect as of the date of this application". The receipt contained a provision which, so far as here pertinent, was couched in identical language. Six days later, the proposed insured was injured in a fall and an operation disclosed a tumor, unrelated to her accident, which caused her death almost four years later. In processing the insurance application, the defendant, "pursuant to [its] usual underwriting practice because of information in the application showing a history of colds and school absenteeism", requested a medical examination. By the agreed statement of facts it is "conceded that the decision to request a medical examination was made in the ordinary course of underwriting practice and without any knowledge on the part of defendant * * * of the injury to plaintiffs' daughter or any knowledge of the condition from which she was suffering." The local agent to whom the request for medical examination was transmitted, learned, subsequent to the date of the request, of the child's "injury" and "condition" and some days later returned the request to the defendant's underwriting division, advising it that "the child was then in serious condition and in the hospital". The defendant then advised the agent that "since her present condition which still necessitates hospitalization, precludes the completion of a medical report, it will be necessary that we decline the application at this time." Formal rejection "for the reason F. I. U." (further information unobtainable) followed. Appellants' principal contention is that a contract of insurance in force from the date of the receipt was effected by the execution of the application and the payment of the premium. The trial court, however, found it clear from the receipt that the insurance was not to become effective until defendant should determine, to its satisfaction, the insurability of the proposed insured and that such a determination was never reached, because the medical examination which the defendant decided was necessary to such a determination was precluded by the child's condition at the time of the defendant's request for an examination. The trial court held that the factual situation brought the case within the purview of *Corning* v. *Prudential Ins. Co. of America* (248 App. Div. 187, affd. 273 N. Y. 668) in which the application and the receipt each stipulated that the insurance should take effect from the date of the application "provided said application is approved and accepted at the Home Office of the Company * * * under the plan, for the premium paid and amount of insurance applied for"; the court in *Corning* thereupon holding that the insurance was not to take effect until the application was approved and that there was no approval when the company declined to issue the policy applied for and its offer of a different type of policy did not reach the applicant prior to his death. Appellants assert that the *Corning* case is not in point and that *Hart* v. *Travelers Ins. Co.* (236 App. Div. 309, affd. 261 N. Y. 563) mandates recovery here. The *Corning* court distinguished *Hart,* noting (248 App. Div. 187, 190) that in *Hart* the receipt first

set forth " a clear and unconditional statement that upon payment in full of the first premium the insurance shall be in force from the date of the receipt " and that subsequent irreconcilable provisions created ambiguities which were resolved against the insurer. In *Hart,* further, the paragraph containing the contradictory provisos commenced " The Company *shall have* the right to *disapprove* such application " (236 App. Div. 309, 311; emphasis supplied); but the insured died next day and before the company could disapprove or approve. In the case before us, unequivocal conditions precedent to the operative effect of the policy as of the application date are stated without ambiguity and with equal stress, thus, (1) "if the full first premium * * * is paid" and (2) "if the completed application and * * * other information * * * are received" and (3) "*if the company determines to its satisfaction* that the proposed insured was insurable" (emphasis supplied). Appellants' additional contentions seem to us insubstantial and not such as to require discussion. Judgment affirmed, without costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.