Per Curiam.

Defendant forwarded a summons to Allstate Insurance Company in connection with a 1968 personal injury action. It retained appellant to defend the action. Subsequently the carrier discovered that it was not the insurer for defendant at the time of said accident. Appellant should be permitted to withdraw as attorney for defendant.
An insurance contract cannot be created by estoppel where none existed before (Government Employees Ins. Co. v. Giugno, 61 Misc 2d 1092). Estoppel cannot be invoked to create a primary liability of the insurer for which all elements of a binding contract are necessary. In view of the appellant’s relationship to Allstate Insurance Company, it would be unwise to compel an attorney to represent a defendant whose position now conflicts with that of Allstate. The opposing interests would give rise to the creation of a situation disruptive of the long accepted concept of attorney-client relationship violating the underlying “ elements of trust and confidence on the part of the client and of undivided loyalty and devotion on the part of the attorney ’ ’ (Matter of Dunn, 205 N. Y. 398, 402).
*785 The determination herein shall not he decisive of any issue other than the withdrawal of the appellant based upon a possible conflict of interest.
The order should he reversed with $10 costs and motion granted.
Concur — Street, Lupiano and Markowitz, JJ.
Order reversed, etc.