SYLVIA GOLDBERG, Individually and as Administratrix of the Estate of MAX GOLDBERG, Deceased, Respondent, v. COLONIAL LIFE INSURANCE COMPANY OF AMERICA, Appellant.

Second Department, October 18, 1954.

*Aaron Frank* for appellant.

*Saul Roth* and *Bernard Joseph Rubenstein* for respondent.

Murphy, J. Respondent, a widow, seeks to recover $10,000 from appellant under an alleged contract of life insurance of which she is beneficiary. In her first cause she alleges an agreement made April 29, 1953, between her husband and the appellant. These are the allegations: Her husband went to the office of one Max L. Weil, general agent of the appellant, to purchase a life insurance policy, and, after considerable negotiation, he agreed to purchase and Weil agreed to sell a straight life policy in the sum of $10,000; her husband signed an application, was examined by appellant's doctor, who indicated to her husband and to the general agent that her husband's physical condition was satisfactory; the general agent accepted a check in the amount of $425.20 made to appellant's order as the first year's premium and this check was deposited to the credit of appellant. Finally it is alleged, on information and belief, that thereafter and upon receipt by the appellant of the signed application, the prepaid premium and the physician's report appellant "duly issued the said life insurance policy on its books".

Respondent's husband died on May 18, 1953, nineteen days after he had applied for the aforesaid insurance. Appellant had never issued a policy to the deceased and refuses to pay the proceeds due under the alleged contract.

In her second cause of action, respondent seeks to recover on the ground of estoppel based upon the allegation that appellant's general agent assured her husband that a contract had been created. A third cause of action has been dismissed and need not be discussed herein as no appeal has been taken from that dismissal.

The only conceivable contract with the appellant, alleged in the first cause, is one between the husband and the general agent. The additional allegations as to the making of a written application to the appellant are insufficient to show the existence of any other contract. There could be no agreement with the company until it accepted the application for insurance. (*Schultz & Co.* v. *Camden Fire Ins. Assn.,* 304 N. Y. 143, 147; *More* v. *New York Bowery Fire Ins. Co.,* 130 N. Y. 537; *Corning* v. *Prudential Ins. Co. of America,* 248 App. Div. 187, affd. 273 N. Y. 668.) Acceptance by the appellant had to be manifested

by some appropriate act and such manifestation communicated to the applicant. (*White* v. *Corlies*, 46 N. Y. 467.) Of course, the ordinary means of acceptance would be delivery of a policy to the insured. In any event, however, there had to be a notification to the insured of such acceptance by the insurer. A notation by appellant on its books would not be a binding acceptance any more than would be the words of a man speaking to himself. Until acceptance was communicated to him, the applicant was free to withdraw his application and no mutually binding contract could be said to have been entered into. (*Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813, 816, affd. 227 N. Y. 575; *Topken, Loring & Schwartz* v. *Schwartz*, 249 N. Y. 206.)

As to the alleged contract with the general agent, the Statute of Frauds (Personal Property Law, § 31, subd. 1) provides that every agreement is void unless there is a note or memorandum in writing and subscribed by the party to be charged if its performance " is not to be completed before the end of a lifetime ". A life insurance contract clearly comes within the scope of this provision. Respondent argues to the contrary, contending that the provision was enacted to prevent assertion of claims against the estate of a decedent and that therefore it was intended to restrict application of the provision to contracts relating to the lifetime of a promisor. Even under such narrow interpretation a life insurance policy would require a writing because the insured is a promisor of premiums. In any event, it is now beyond dispute that the provision means exactly what it says, namely, " a lifetime ". As stated in *Meltzer* v. *Koenigsberg* (302 N. Y. 523, 525): " The Statute of Frauds requires that an agreement be in writing if by its terms performance is ' not to be completed before the end of a lifetime ' (Personal Property Law, § 31, subd. 1). Had the Legislature intended the ' lifetime ' referred to to be the lifetime of the promisor, the party to be charged, or the lifetime of any particular person, it could easily and readily have so provided."

Subdivision 7 of rule 107 of the Rules of Civil Practice provides for dismissal on motion on the ground that the case is founded on a contract which is unenforcible under the Statute of Frauds. The rule provides that the motion may be made " on the complaint and an affidavit stating facts tending to show " the unenforcibility. In support of its motion and in accordance with the rule, appellant submitted an affidavit of its assistant secretary in which he states that there was no writing other than the application of the deceased husband and

his check. There is no affidavit by respondent in opposition to this statement. Obviously neither the check of the deceased husband, which was merely deposited, the aforesaid notation on the books of the corporation, nor the application signed by the deceased, singly or collectively, constitute a written memorandum of a contract signed by the party to be charged. There is no allegation in the amended complaint or showing in opposition to the motion to dismiss to the contrary. It was held in *N. E. D. Holding Co.* v. *McKinley* (246 N. Y. 40, 44) and *Crabtree* v. *Elizabeth Arden Sales Corp.* (305 N. Y. 48, 54, 57) that a memorandum signed by the party to be charged must contain the substance of the agreement to avoid the application of the Statute of Frauds. There is no such memorandum present in the case before us.

The first cause of action must be dismissed.

The second cause of action realleges the contents of the first cause and in addition it is alleged that appellant is estopped from asserting that no contract of insurance was made because the general agent Weil told the deceased to consider himself insured for the principal amount. It is also further alleged that up to the time of the husband's death, nineteen days after the foregoing assurance, appellant had not rejected the insurance, whereas if it had rejected the insurance, the husband would have been able to place the insurance elsewhere.

This second cause is insufficient. The representation of Weil to the deceased that he was to consider himself insured adds nothing to the allegation in the first cause, which is to the effect that the general agent entered into an oral contract. This apparently was a mutual mistake of law with respect to the efficacy of an oral contract. Estoppel cannot be invoked where each of the parties had equal means of knowledge of the unenforcibility of the contract. (*New York Life Ins. Co.* v. *Rees,* 19 F. 2d 781, 784.)

Whatever different result might ensue if fraud or intentional misrepresentation had been alleged, or rescission or reformation sought, a contract void for lack of writing cannot be regarded as valid merely because the parties believed that it was valid at the time they entered into it. The fact that the appellant did not reject the application adds nothing whatever to this claim of estoppel as set forth in the second cause.

In consequence the second cause of action should be dismissed.

The order denying the motion to dismiss, insofar as appealed from, should be modified on the law by striking from the second ordering paragraph the word " denied " and by substituting

therefor the word '' granted '', and by striking therefrom the third ordering paragraph. As so modified, the order should be affirmed, with $10 costs and disbursements to appellant.

NOLAN, P. J. (concurring). In my opinion the amended complaint sufficiently states a cause of action for the breach of a contract between respondent's intestate and appellant. (*Ellis* v. *Albany City Fire Ins. Co.*, 50 N. Y. 402; *Ruggles* v. *American Central Ins. Co. of St. Louis*, 114 N. Y. 415; *Hicks* v. *British America Assur. Co.*, 162 N. Y. 284; *Manchester* v. *Guardian Assur. Co.*, 151 N. Y. 88; *Speronza* v. *Phoenix Mut. Life Ins. Co.*, 272 App. Div. 770.) I concur, however, in the conclusion that the amended complaint should have been dismissed on appellant's motion pursuant to rule 107 of the Rules of Civil Practice.

ADEL, SCHMIDT and BELDOCK, JJ., concur, with MURPHY, J.; NOLAN, P. J., concurs, in memorandum.

Order, insofar as appealed from, denying motion to dismiss the first and second causes of action in the amended complaint for insufficiency and for lack of writing, modified on the law by striking from the second ordering paragraph the word '' denied '' and by substituting therefor the word '' granted '', and by striking therefrom the third ordering paragraph. As so modified, order affirmed, with $10 costs and disbursements to appellant.