Regis O ’Bbien, J.
Motion under subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss complaint on the ground that it does not state facts sufficient to constitute a cause of action.
Briefly stated, the complaint alleges that one Raymond Mietus, on January 28, 1957, furnished one Donald Shapiro, an agent of the defendant, certain particulars regarding his physical history and other information required to make application for a life insurance contract for $12,000 upon his life. The application designated the plaintiff, Marie Mietus, wife of the applicant, as the proposed beneficiary.
Mr. Mietus died suddenly on February 15, 1957 ‘ ‘ prior to the appearance of any examining physician on the part of the defendant company ’ ’ to make a determination ‘ ‘ that the proposed insured was insurable.”
Upon the argument of this motion, the attorney for the plaintiff specifically and unequivocally stated that the action was not brought upon the basis of an issued, actually or constructively, insurance policy but upon the theory of negligence in failing to process the application and to issue the policy thereon.
The attorney for the plaintiff realized that any claim based on the theory that a policy had been issued would be futile which he had every ¡right to conclude in view of the decisions in the cases of More v. New York Bowery Fire Ins. Co. (130 N. Y. 537); Goldberg v. Colonial Life Ins. Co. of America (284 App. Div. 678) and Watson v. Farmers Co-op. Fire Ins. Co. (1 A D 2d 419). It is stated in the More case (supra, p. 545):
“ courts have applied the principles of waiver and equitable estoppel in a most liberal manner to insurance contracts, but always to enforce good faith and to prevent injustice and fraud where the insured has been misled by the acts of the company or its agents. But no case has yet decided that the mere failure to respond to an application raised an inference that the company accepted and insured the risk. * * *
“ Our opinion is that when an application for insurance is made, and its rejection is not signified, no presumption of its .acceptance can be indulged in. There must be actual acceptance, or there is no contract ” (p. 547). In view of these cases he made negligence the gravamen of the complaint.
The claim is fatally defective in at least two respects, viz., first, the failure to allege any negligence on the part of the defendant and, second, freedom from negligence on the part of the plaintiff.
*120 The pertinent allegations of the complaint relating to negligence are as follows:
“ Twenty-Second-. That the defendant company was negligent in not diligently pursuing the processing of the deceased’s application in due and ordinary course and by causing the plaintiff and deceased, Raymond Mietus, to rely upon the conduct of the defendant as hereinafter set forth.
“ Twenty-Third-. That the defendant company was negligent in providing its agents with agreements for public distribution such as the ‘ ‘ Conditional Receipt ’ ’ herein which do not plainly state on the face thereof the precise contractual relationship occasioned by the payment by the applicant and acceptance by the defendant, of premium, as well as applicant signature.
“ Twenty-Fourth: That the defendant company was negligent in allowing material elements of the said contractural relation to beg for explanation as contained in the said ‘ Conditional Receipt ’ and by the same instrument to disavow in bold print the binding effect of any such information sought by the applicant and given by the agent.”
The foregoing do not allege any negligence upon which the plaintiffs may predicate an actionable claim for damages.
The famous case of Palsgraf v. Long Is. R. R. Co. (248 N. Y. 339) discusses the necessary elements to constitute an action for negligence in law.
Chief Judge Cardozo’s prevailing opinion states (p. 341): “ ‘ Negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right ’ ” and (p. 342): “ If no hazard was apparent to the eye of ordinary vigilance, an act innocent and harmless, at least to outward seeming, with reference to her [plaintiff], did not take to itself the quality of a tort because it happened to be a wrong, though apparently not one involving the risk of bodily insecurity, with reference to some one else.” Again the learned jurist writes (p. 342): “In every instance, before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which would have averted or avoided the injury ”.
A final quotation will more forcibly bring out my point. It is taken from pages 343-344 where the opinion states: 1 ‘ What the plaintiff must show is ‘ a wrong ’ to herself, i.e., a violation of her own right, and not merely a wrong to some one else, nor conduct ‘ wrongful ’ because unsocial, but not * a wrong ’ to any one.” Obviously, the plaintiff had no enforcible right to *121 be named beneficiary in the prospective policy. She was one, of course, who the insured might name, but hers was only a privilege while his was a right.
The question still remains, however — was it a duty of the defendant to process the application of the deceased in a favorable or unfavorable manner in any particular period of time? If there was not, then there is no basis for a claim by plaintiff of actionable negligence.
While the basis of the claim in Goldberg v. Colonial Life Ins. Co. of America (284 App. Div. 678, supra) was on an alleged contract of life insurance where the husband died 19 days after making application for a policy and the other facts were very similar to those in this action, the statements of the court, which was unanimous in denying the claim, are pertinent. The court states: 11 Appellant had never issued a policy to the deceased * * *. There could be no agreement with the company until it accepted the application for insurance ” (p. 679) and “ [U]ntil acceptance was communicated to him, the applicant was free to withdraw his application and no mutually binding contract could be said to have been entered into.”
It is my conclusion that the plaintiff has failed to allege the elements required to be shown in an action of tort for negligence, viz., that the defendant owed a duty to the plaintiff with reference to conduct or inaction; that the defendant was guilty of some act or omission in violation of that duty and that damage to the plaintiff was proximately caused by such violation.
Defendant’s motion to dismiss the complaint is granted.