Harold J. Crawford, J.
In an action to recover the face value of two alleged insurance policies, the defendant Prudential Insurance Company (hereinafter called “Prudential”) in an omnibus motion seeks (1) to dismiss the four causes of action in the complaint for legal insufficiency, or (2) to dismiss the third and fourth causes of action pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice, or (3) to make the complaint more definite and certain and to separately state and number the causes of action, or (4) to strike out certain paragraphs pursuant to rule 103 of the Rules of Civil Practice, or (5) to amend the title of the action by striking all the descriptive matter in the designation of the plaintiff after the name Dorothy Richardson.
It appears that James T. Richardson, the husband of the plaintiff herein, procured from Prudential an insurance policy on his life in January, 1958, and a copy of the policy was delivered to him. The premiums were paid on this policy until July, 1958, to an agent of Prudential sent to the insured’s home to make such collections. The plaintiff claims that after July, *203 1958, the agent ceased coming to her home to make the collections and consequently no further premium payments were made. After “two or three or four months ”, the plaintiff alleges she telephoned the local office of Prudential to request an agent to be sent to collect the premiums due on the aforementioned policy. She claims that an agent of Prudential in this telephone conversation stated that the policy would be automatically reinstated on the payment of all the premiums due. On January 5, 1959, an agent was sent to the insured’s home. The plaintiff claims that the amount of due premiums was tendered to the agent who refused to accept them. The plaintiff further alleges that the agent stated he would, however, issue “ right then and there ” a new policy on the life of James T. Richardson after the first month’s premium was paid, whereupon the alleged insured signed a form filled out by the agent and received a receipt for the payment given to the agent. On January 29, 1959, the alleged insured died and the plaintiff notified Prudential and requested proof of claim forms. The plaintiff claims Prudential did not forward the forms, whereupon this action was commenced against the agent and Prudential.
The gravamen of the first and second causes of action is that an agent of Prudential in a telephonic communication promised that the lapsed insurance policy would be automatically reinstated and that when the tender of payment was made, the policy was so reinstated, but in any event an agent of Prudential, acting within the scope of his employment, refused to accept the tender of the premiums so as to sell the deceased a new policy and thereby earn a commission and this was a fraud on the deceased, and the plaintiff.
The gravamen of the third and fourth causes of action is that a Prudential agent, acting within the scope of his employment, stated that the deceased would be insured automatically under a new policy when he paid the first month’s premium and that such representation by the agent, acting for Prudential, was a fraud perpetrated on the plaintiff and the deceased by taking their money and leading them to believe that the deceased would be automatically insured.
It is apparent that the complaint seeks to hold Prudential liable on the ground that it is bound by the acts of its agent. The insurance policy and the alleged insurance contract, which is entitled “application pob insubance ” are annexed to the complaint. These writings, so annexed, are to be considered with the complaint and are controlling in case of any variance with the complaint. (Dorn v. Dorn, 282 App. Div. 597; see, also, Kucker v. Gates Container Corp., 263 App. Div. 1006, *204 affd. 289 N. Y. 664; Red Robin Stores v. Rose, 274 App. Div. 462.) The insurance policy provides in pertinent part as follows:
‘ ‘ payment oe pbemiums. — ■ The first premium, in the amount specified above, is due immediately and further premiums of like amount are due monthly after the Policy Date, on the same day of each month as said Date, until premiums have been paid for a period of twenty full years from the Policy Date, or until the prior death of the Insured. Any premium not paid when due shall be deemed to be in default. All premiums are payable at the Home Office or to an authorized agent of the Company, but only in exchange for an official receipt signed by the President, Secretary or Treasurer of the Company and countersigned by the agent receiving the premium. If for any reason the premium is not called for when due, it shall be the duty of the policyholder, before the premium is in default more than thirty-one days, to bring or send the premium to an office of the Company. Except as provided in this Policy, the payment of any premium shall not maintain this Policy in force beyond the date when the next premium becomes due.”
‘ ‘ reinstatement. — In event of default in payment of premium, the insurance under this Policy shall cease except as provided in this Policy. This Policy may be reinstated, however, at any time within three years from such default upon proper written application to the Home Office and production of evidence of the insurability of the Insured satisfactory to the Company and payment to the Company of all premiums in arrears with compound interest thereon at the rate of 5 per cent, per annum, but this Policy shall not be reinstated if it has been surrendered for its net cash value. Any indebtedness on this Policy at the time of default in the payment of premium shall be automatically reinstated as of the due date of the premium in default if this Policy is reinstated by the Company and such indebtedness shall continue to bear interest, as specified in the Loan Provisions hereof, from such default, but should the indebtedness with interest to the date on which this Policy is to be reinstated exceed the net loan value this Policy would have on such date if reinstated, the excess must be paid before reinstatement of this Policy.”
‘ ‘ modifications.— No condition or provision of this Policy can be waived or modified except by an endorsement on this Policy signed by the President, a Vice President, the Secretary, the Actuary, an Associate Actuary, an Assistant Secretary or an Assistant Actuary of the Company, no agent has power ON BEHALF OE THE COMPANY TO MAKE OR MODIFY THIS CONTRACT, TO *205 EXTEND THE TIME FOR PAYING A PREMIUM, TO WAIVE ANY FORFEITURE, OR TO BIND THE COMPANY BY MAKING ANY PROMISE OR REPRESENTATION OR BY GIVING OR RECEIVING ANY INFORMATION. ’ ’
The alleged contract which was signed by the deceased provides in pertinent part as follows: ‘ ‘ that no agent has the authority to waive the answer to any question in the application, to modify the application, or to bind the Company by making any promise or representation or by giving or receiving any information ”.
An insured on receiving a policy or other document in connection therewith has the duty to examine it or have it examined for him. (Madsen v. Prudential Ins. Co. of America, 35 N. Y. S. 2d 607.) In any event absent special circumstances, he would be bound by any instrument which he has signed. (Pimpinello v. Swift & Co., 253 N. Y. 159.) Therefore, the insured in the case at bar not only had actual notice of the limitations on the authority of Prudential’s agents, but was also bound by his own agreement limiting such authority. Prudential could not be bound by the acts of its agents complained of herein since such acts were not within the scope of their authority and the deceased had actual notice of the afore-mentioned limitations. (Abbott v. Prudential Ins. Co., 281 N. Y. 375, motion for reargument denied 282 N. Y. 585; Bible v. John Hancock Mut. Life Ins. Co., 256 N. Y. 458; Goldberg v. Colonial Ins. Co. of America, 284 App. Div. 678; Martin v. Equitable Life Assur. Soc., 58 N. Y. S. 2d 848; see, also, Spiegel v. Metropolitan Life Ins. Co., 6 N Y 2d 91.)
Accordingly, the motion to dismiss the complaint as to the defendant Prudential is granted. In view of this disposition, the other phases of the motion need not be passed upon.