Clare J. Hoyt, J.
At the close of plaintiffs’ case both defendants moved for a dismissal of the complaint for failure to prove a prima facie case. Decision was reserved. At the conclusion of the entire case the motions were renewed and decision was reserved and after the jury brought in a verdict in “ plaintiff’s ” favor a motion was made by defendants to set aside the verdict.
Two causes of action are alleged in the complaint, one by plaintiff wife as administratrix of her husband’s estate and the other by her individually. In her representative action she claims that the corporate defendant through its agent, the individual defendant, solicited and obtained an application from her deceased husband for a mortgage term policy in the amount of $10,000, that thereafter and until the husband’s death on March 6, 1961 defendants negligently and carelessly failed to process the application, arrange for the medical examination and ‘1 were further careless and negligent in assuring the decedent and his family that he was completely covered * # i:= The said decedent and his family having completely relied upon defendants and their assurances and representations.” No policy having been issued upon the decedent’s death, damages in the amount ' of $10,000, the amount of the insurance applied for, are sought.
The second cause of action brought by plaintiff wife individually is based upon the above allegations with the additional claims that the policy applied for was to provide for payments *248 on the death of the insured to the plaintiff wife individually and that the nonissuance of the policy thus damaged her in the amount of $10,000.
The proof adduced by the plaintiff wife, and giving it every fair inference and intendment in favor of the plaintiffs, is insufficient to sustain the complaint and defendants’ motions to dismiss the complaint for failure to make out a prima facie case are thus granted.
There could be no contractual liability on the part of the defendant Metropolitan until a policy had been issued (National Union Fire Ins. Co. v. School Dist. No. 55, 122 Ark. 179), or until the application was accepted (Goldberg v. Colonial Life Ins. Co. of America, 284 App. Div. 678). Defendants cannot be held liable for any delay or negligence in processing the application or arranging for a medical examination of the applicant (see Goldberg v. Colonial Life Ins. Co. of America, supra; Mietus v. Prudential Ins. Co. of America, 9 Misc 2d 118; More v. New York Bowery Fire Ins. Co., 130 N. Y. 537).
Plaintiff wife is thus relegated to the claim of negligence on the part of the defendants in assuring the decedent that he was covered upon the filing of his application and his reliance thereon. Proceeding on this theory, that of words negligently spoken, plaintiffs offered proof that the agent on several occasions assured the decedent and plaintiff wife that he was covered, that the insurance was in effect and that they relied thereon.
For the purposes of these motions, crediting such proof as establishing such assurances and reliance thereon, the plaintiffs may not recover on this theory. International Prods. Co. v. Erie R. R. Co. (244 N. Y. 331) is a case often cited to establish liability for the verbal tort, the negligently spoken word. Liability was there imposed upon a common carrier who misinformed a consignee of merchandise as to where said goods were to be warehoused on a dock. The consignee procured insurance, relying on the information furnished as to its location. On the destruction of the goods by fire the company which issued the fire insurance policy disclaimed liability since the merchandise was not in the location specified in the policy. In holding the common carrier liable the court through Andrews, J. at page 338 set forth the requirements to establish liability: ‘ ‘ Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information. And that involves many considerations. There must be knowledge or its equivalent that the information is desired for a serious purpose; that he to whom it is given intends to rely and act upon it; that if false or erro *249 neons he will because of it be injured in person or property. Finally the relationship of the parties, arising out of contract or otherwise, must be such that in morals and good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care. ’ ’
Other cases applying this principle are Glanzer v. Shepard (233 N. Y. 236); Doyle v. Chatham & Phenix Nat. Bank (253 N. Y. 369); Nichols v. Clark, MacMullen & Riley (261 N. Y. 118) and Loan Serv. Corp. v. Bender Ford Sales (16 A D 2d 1033).
In all of these cases liability is predicated upon the misstatement of an existing fact. In the International Prods. case (supra), it was the location of the goods, in the Glanzer case (supra), it was an erroneous certificate misstating the weight of goods, in the Boyle case (supra), it was an erroneous certificate incorrectly stating that bonds had been issued pursuant to a trust indenture, in the Nichols case (supra), the defendant misstated the properties of its products, and in the Loan Serv. case (supra), liability arose from furnishing incorrect data as to the identity of a vehicle that was sold.
In the case at bar, the statement made by the defendant agent was not a statement of an existing fact, but rather a statement, albeit not true, of a legal conclusion or relationship, that a contract was in effect and that the applicant was covered by the policy.
The courts in establishing liability for words negligently spoken have been careful to limit the extent of the liability. It would be an undue and unwarranted extension of the rule to permit it to apply in this case. The applicant is deemed to know the law and that no contract of insurance exists until the policy has been issued. The conditional premium receipt delivered to the applicant and the application executed by him showed clearly that no liability would be incurred by defendant Metropolitan until a policy was issued except in the case of death resulting from accidental bodily injury. The applicant could not thus rely on the statement of the defendant agent as to coverage.
This fatal defect on the issue of liability makes it unnecessary to pass upon other defects in plaintiffs’ proof as urged by the defendants. No proof was offered by plaintiffs to show that insurance could have been obtained by the applicant from the defendant or any other insurer in view of applicant’s medical history. A medical underwriter employed by the corporate defendant testified that the deceased was not insurable in view *250 of this medical history. If insurance could not have been obtained by the applicant, then no damages resulted by reason of the actions of the defendants herein.
The motions to dismiss are thus granted.