■ AMALIA CAVALLO, as Administratrix of the Estate of ROSARIO CAVALLO, Deceased, et al., Appellants, v. METROPOLITAN LIFE INSURANCE COMPANY et al., Respondents.— In an action to recover damages as a result of defendants' alleged negligence in processing a life insurance policy application, plaintiff, individually and as administratrix, appeals from an order of the Supreme Court, Orange County, dated August 5, 1965, which granted defendants' renewed

motions, made after the jury's verdict in plaintiffs' favor, to dismiss the complaint for failure to prove a prima facie case. Order affirmed, with one bill of costs, jointly to respondents. For the reasons stated by the trial court (*Cavallo v. Metropolitan Life Ins. Co.*, 47 Misc 2d 247) the complaint was properly dismissed. Plaintiff in this court claims the defendants are liable for the insurance which her deceased husband had applied for because the alleged statement of the agent of defendant Metropolitan Life Insurance Company to the effect that said deceased was covered for that insurance constituted a fraudulent representation. Aside from the fact that this claim has not been asserted in the complaint, since the documentary evidence, in this case established that unless and until the application was accepted by defendant insurance company at its home office and a policy issued the claimed insurance coverage did not exist, we are of the opinion that this new theory for plaintiffs' action is also untenable (cf. *Richardson v. Prudential Ins. Co. of Amer.*, 29 Misc 2d 202). Munder, Martuscello, Latham and Brennan, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the order and to remit for a new trial, with the following memorandum: Trial Term submitted the case to the jury on two theories: (1) that the defendants failed to process the application for life insurance with due diligence, and (2) that the defendants negligently assured the decedent and his family that he was covered with life insurance, that they relied upon the statements, and that the statements were false. The jury returned a general verdict against the defendants. I am of the opinion that the proof was insufficient to sustain liability on the first theory, and that the verdict was properly set aside. As the verdict was general, we cannot speculate whether the jury may have decided the case on the second theory (*Hamilton v. Presbyterian Hosp.*, 25 A D 2d 431). I do not agree that the complaint should have been dismissed, for I believe that the second theory, as submitted to the jury, constituted a valid claim of liability. Trial Term considered that the claim of negligent misrepresentation was insufficient because assurances of insurance protection did not concern an existing fact, but rather a legal conclusion of a relationship. I am unable to find that distinction. Whether a policy exists or does not exist is certainly a question of fact, and I think that a misstatement as to the existence of coverage, even absent a policy, by an insurance agent, cannot be said to be a statement of an opinion rather than a statement of fact (*National Conversion Corp. v. Cedar Bldg. Corp.*, 23 N Y 2d 621; cf. *Alton v. First Nat. Bank*, 157 Mass. 341, 343, [HOLMES, J.]). "Most important it is that the law has outgrown the oversimple dichotomy between law and fact in the resolution of issues in deceit" (*National Conversion Corp. v. Cedar Bldg. Corp., supra*, pp. 627–628). A prospective insured, solicited by an insurance agent, whose efforts result in an application for a policy and the payment of the first premium, could reasonably expect that the agent is speaking factually when he later informs the applicant that he is insured (cf. *Prudential Ins. Co. v. Lamme*, 83 Nev. 146; *Harr v. Allstate Ins. Co.*, 54 N. J. 287; Keeton, Insurance Law Rights at Variance with Policy Provisions, 83 Harv. L. Rev. 961, 979–981). Beyond this, the claim of liability for negligent misrepresentation coincides with the requisites laid down by the cases (*International Prods. Co. v. Erie R. R. Co.*, 244 N. Y. 331, 337–338; *Mid-Central Fish Co. v. United States*, 112 F. Supp. 792, affd. 210 F. 2d 263; 2 Restatement, Torts, §§ 310–311); that is, the proof established (1) that the information concerning the insurance was desired for a serious purpose and that the decedent intended to rely on it, (2) that by reason of the erroneous information, an injury was suffered, and (3) that by the relationship between the decedent and the defendant insurance agent, the decedent was entitled to rely on the latter to give the information accurately and fairly. The issue of contributory negligence was decided by the jury in favor of the

plaintiff. I believe that the conditional receipt delivered by the agent at the time the first premium was paid did not foreclose the action as a matter of law; the decedent and his family were not skilled in the interpretation or understanding of policies, and hence were hardly on an equal footing with the defendants (cf. Bohlen, Misrepresentation as Deceit, Negligence or Warranty, 42 Harv. L. Rev. 733, 739–740); and the jury might easily have taken into account the effect of repeated assurances by the agent against any doubt raised in the plaintiff's mind by a reading of the provisions of the receipts. Accordingly, I would remit for a new trial. [47 Misc 2d 247.]