Samuel M. Gold, J.
In this action to recover on a life insurance policy, plaintiff moves pursuant to CPLR 3211 (subd. [b]) to dismiss the affirmative defense of suicide occurring within two years of the date of issue of the policy.
The policy contains the incontestability clause authorized by section 155 (subd. 1, par. [b]) of the Insurance Law, that the policy shall be incontestable after it has been in force for two years from 1 ‘ its date of issue ’ ’; and the suicide clause authorized by section 155 (subd. 2, par. [d]) of the Insurance Law, which excludes liability for suicide within two years from 11 the date of issue ’ ’ of the policy.
Insured’s death occurred on May 29, 1970. The policy states the 1 ‘ policy date ” as May 14, 1968, which is more than two years prior to date of death and would render the policy incontestable and the affirmative defense of suicide untenable; while the policy on the same page states that ‘ ‘ the date of issue is July 26,1968 ”, which is within the two-year period and permits suicide to be asserted as a defense to the action.
Section 156 of the Insurance Law authorizes antedating a life insurance policy, provided that it is not done as of a date more than six months before the application. Since the premium is payable on the basis of the age of insured at his nearest birthday, this section permits an insured to pay a lower annual premium. Here the insured’s application signed on July 17, 1968, when his nearest birthday was age 31 on November 15,1968, contained a handwritten note under special instructions, ‘ ‘ Date Policy To Save Age ”, and the “ Policy Date ” selected of May 14, 1968, on which date he was 30 years, 5 months, and 29 days of age, permitted him to pay the lower premium for age 30. The policy, it is clear, was actually issued by defendant on ‘ ‘ the date of issue ’ ’ of July 26,1968. The fact that the insured was medically examined on May 7, 1968, and signed a medical information statement on that date plainly has nothing to do with the date of issue of the policy.
The two dates set forth in the policy serve separate purposes. The “policy date” fixes the date and rate for payment of *890 premiums, the term of the policy, and the anniversary date fixing surrender and loan values. The ‘ ‘ date of issue ’ ’ uses the statutory language of the incontestability and suicide provisions in the Insurance Law, this being the date from which the two-year period begins to run. The fact that two dates are used and that the two dates are so designated in the policy can only be for the separate purposes here indicated (see Forrest v. Mutual Benefit Life Ins. Co., 195 Misc. 12, affd. 275 App. Div. 939).
The motion to dismiss the affirmative defense of suicide is accordingly denied.
Motion for reargument was denied on February 25, 1972.