Joseph Jiudice, J.
This matter is submitted to the court on an agreed statement of facts as follows:
"On June 11th, 1965, the plaintiff applied to the Metropolitan Life Insurance Company, on behalf of the Mid-Hudson Moving and Storage Co., of which he was then an officer, for life and health insurance under a proposed group employee benefit plan. The company name is that under which the plaintiff was then doing business. The defendant’s agent with whom the plaintiff had dealt since May 20, 1965 (see attached letter of May 21, 1965), was one Laurence Palazzolo, who accepted the plaintiff’s signed application and payment of $84.66 representing the initial premium charge. A copy of the plaintiff’s application, which is attached, included the following language: * * *
"It is agreed that:
"1. * * *
"2. No agent or any other person, except the President, Vice-Presidents, or Secretary of the Insurance Company, has power on behalf of the Insurance Company: (a) to make, modify, or discharge any contract of insurance; or (b) to bind the Insurance Company by making any promises respecting any benefits under any policy issued hereunder.
"3. No statement made to or by, and no knowledge on the part of, any agent or other person shall be considered as having been made to or brought to the knowledge of the Insurance Company unless stated in Parts A, B, or C of this application.
*211 "4. * * *
"5. The Insurance Company will incur no liability under this application until it has been approved at the Insurance Company’s Home Office and a policy has been delivered, and the full first premium specified in the policy has been paid to and accepted by the Insurance Company. Upon such delivery and payment, the policy will become effective as of its date of issue.”
"On June 28th, 1965, the plaintiff was injured in an automobile accident which resulted in his hospitalization. He expended $4,423.75 in assorted medical bills. He subsequently made claim against the defendant Metropolitan Life Insurance Company for benefits in that amount under the policy for which he previously had applied. Payment was denied upon the ground that no policy had ever been issued.
"The defendant claims that a group policy was never issued for the reason that one member of the group, Mary Hamilton, wife of a company employee, had admitted on her application to a previous recent cervical biopsy which, according to the defendant’s underwriting rules, required medical investigation. The plaintiff does not contest Mary Hamilton’s admission or the requirement of medical investigation as an underwriting rule of the defendant.
"The defendant company repeatedly requested a report from the doctor who performed the biopsy, which report was never forthcoming.
"Accordingly, at the expiration of the 45-day period covered by the conditional receipt of the premium payment, the defendant informed the employer in writing that coverage could not be considered, but that if the underwriting requirements could be met within two weeks a policy would be issued with its actual effective date rather than the date of the conditional receipt of premium (viz., June 11th, 1965). A copy of the defendant’s letter to Mid-Hudson Moving and Storage Company, dated July 23rd, 1965, is annexed.
"An additional letter was sent to the Mid-Hudson Moving and Storage Company on August 13th, 1965, again expressing the defendant’s inability to approve issuance of the group policy. A copy of that letter is also annexed.
"By letter of August 20, 1965, the original copy of which is enclosed, the defendant refunded all of the $84.66 advance premium.
*212 "The plaintiff contends, however, and the defendant cannot contest for lack of information, that while recuperating in the hospital from injuries incurred in his automobile accident of June 28th, 1965, he was advised in substance by Laurence Palazzolo, the defendant’s agent, that the policy applied for was then in effect and that the plaintiff had nothing to worry about. The plaintiff did not then have said policy; nor has he ever had it delivered to him by the defendant. The plaintiff claims, nevertheless, to have relied upon the representation in submitting his claim and commencing this suit.
"Attached to the plaintiff’s complaint and bill of particulars are copies of a four page 'resume’ (as the plaintiff describes it) consisting of what the defendant claims is an advertising brochure only and not a portion of any policy of insurance, but what the plaintiff claims in his complaint to be the terms and conditions of the contract. That four page document is submitted herewith in its original form.”
It is the plaintiff’s contention that the defendant issued a written policy of insurance covering the expenses claimed by the plaintiff to have been incurred by him. The plaintiff relies upon a document attached to his complaint which he alleges contains the "Terms and conditions” of the alleged insurance policy. The defendant characterizes the document as no more than an advertising brochure. The court notes that nowhere in the pleadings in the pretrial conference conducted before the Supreme Court or in the agreed statement of facts submitted herewith does the plaintiff submit the original insurance policy he claims was issued. Therefore, the record is wholly devoid of any evidence of a written contract of insurance between the parties.
The plaintiff urges the court, in the absence of finding the document submitted with his pleadings constitutes a written contract of insurance, determine that a contract of insurance can be attained by a finding that the minds of the parties had met on an oral contract of insurance.
The plaintiff in this case cannot rely upon his written application for insurance since it is only a proposal to contract on terms which the insurer was at liberty to either accept or reject. It is well-settled that an insurance application in no way binds an insurance company to issue a policy (Prudential Ins. Co. of Amer. v Snyder, 142 Misc 150, affd 229 App Div 852).
In the absence of any showing of acceptance or ássent on *213 behalf of the defendant and a communication of any alleged acceptance to the plaintiff, no contract could exist.
Not only must the plaintiff be deemed to have known the law regarding the existence of a contract of insurance, he was bound by the language contained in the application which he signed, particularly, paragraph ”5” thereof (Cavallo v Metropolitan Life Ins. Co., 47 Misc 2d 247, affd 34 AD2d 682).
When an agent represents an insurance company’s acceptance of an application and the issuance of a policy, such representation is, in many cases, merely an expression of opinion or a mere statement of a conclusion or relationship, that a contract was in effect and that the proposed insured was covered by the policy. This is especially true where a proposed insured is deemed to have known the contents of the application he executed. Additionally, where the insurance company herein provided the plaintiff, as an applicant, with notice of a limitation upon the authority of its agent, the applicant cannot hold the company upon any alleged agreement made by the agent in disregard of the limitation. In the instant case, the application signed by the plaintiff contained such a limitation as evidence in paragraph "2” of the application and the plaintiff is bound thereby (Abbott v Prudential Ins. Co. of Amer., 255 App Div 677, affd 281 NY 375).
It is evident that the document submitted by the plaintiff as an exhibit is not the insurance contract and the plaintiff’s failure to produce an existing insurance policy is fatal to his case.
Based upon all of the facts, the court concludes that no written policy of insurance was ever issued by the defendant and that any alleged representations made by the defendant’s agent are not binding upon the defendant.
Accordingly, it is the decision of this court that the plaintiff’s complaint is dismissed, without costs.
Submit order on notice.