OPINION OF THE COURT
Jones, J.
Inasmuch as the statute vests exclusive authority to approve the issuance of savings bank life insurance policies in the Savings Bank Life Insurance Fund, a defense to payment under such a policy based on a material misrepresentation as to the applicant’s health made in the application is not vitiated by proof that an officer of the savings bank to which the application was addressed had knowledge of the true facts.
In this action on a savings bank life insurance policy the named beneficiary seeks to recover the benefits of that policy due on the death of the insured. Ten months prior to his death the decedent applied to Eastern Savings Bank for a $30,000 policy of insurance on his life. The application was completed and signed in the presence of an assistant *527 vice-president of the bank, the manager of its life insurance department. In his application the decedent represented, among other things, that he had never been treated for high blood pressure and that he had not had a physical examination or consulted a physician within the preceding five years except for a premarital Wasserman test. On the basis of the evidence received at the trial the court found that in fact the decedent had suffered for years from hypertension, had consulted at least one physician and was under care for elevated blood pressure and that his response that he did not have high blood pressure was a material misrepresentation as a matter of law.
It was plaintiff’s contention, nonetheless, that there had been a waiver of the misrepresentation inasmuch as the assistant vice-president of the bank and manager of its life insurance department had knowledge that the decedent suffered from high blood pressure. Over appropriate protest of the bank duly registered, the trial court instructed the jury to return a verdict for the bank unless they found that the bank had waived its defense because its officer at the time he filled out the application had knowledge of the applicant’s high blood pressure. The jury returned a verdict for plaintiff, and the Appellate Division affirmed, two Justices dissenting. There must be a reversal.
The legal and financial arrangements for the issuance of savings bank life insurance are sui generis (Banking Law, art 6-A). While applications for policies of life insurance are made to the life insurance department of an individual savings bank and the policies are written in the name of individual banks, the Savings Bank Life Insurance Fund, a body corporate in the banking department (Banking Law, § 270) has authority and responsibility for supervising the issuance of all policies. It prepares the standard forms of applications and of policies and all forms for record keeping; it determines premium rates and fees and loan tables; it prescribes the standards of health or acceptability of the applicant for insurance. The fund is charged with responsibility for underwriting all policies of insurance issued by savings banks in New York State (Banking Law, §§270, 271). Beyond all that, and it is *528 determinative for present purposes, the statute expressly provides that “no policy or contract shall be delivered or issued for delivery except with the approval of the fund” (§271). Thus, although the savings bank life insurance department of the individual savings bank is authorized to “decline particular classes of risks or reject any particular application” for life insurance (Banking Law, § 263) it has no authority or power to accept an application or to approve the issuance of a policy; no authority to waive requirements with respect to the issuance of a policy may be implied from the only authority vested in the bank with respect to applications, namely to reject them. Unlike other life insurance enterprises, neither the Savings Bank Life Insurance Fund nor the life insurance departments of the individual savings banks operate through soliciting agents. The statutory scheme is tight. There is no basis in law for the conclusion on which the majority at the Appellate Division grounded its determination, namely that defendant bank was functioning in this instance as agent of the Savings Bank Life Insurance Fund. The relationships among the life insurance department, the individual savings bank and the fund are prescribed by statute, and the distribution of authority and responsibility set forth in the statute is inconsistent with any principal-agent relationship. Nor is there evidentiary proof in this record to support a factual determination that such a relationship existed. In these circumstances, knowledge of an officer of the Eastern Savings Bank cannot be imputed to the fund, and no waiver by the fund can be erected on any knowledge of the manager of the life insurance department of the Eastern Savings Bank.
Accordingly, the order of the Appellate Division should be reversed, with costs. This case was submitted to the jury on an erroneous legal theory and its verdict must be set aside. Because the trial court concluded, and correctly, that the decedent’s misrepresentation was material as a matter of law and because the record contains no proof on the basis of which there could be found to have been a waiver of that misrepresentation by the Savings Bank Life Insurance Fund, the complaint should be dismissed.