■ GREAT NECK SAW MANUFACTURERS, INC., Appellant, v MANHATTAN LIFE INSURANCE COMPANY et al., Respondents. (Action No. 1.) GREAT NECK SAW MANUFACTURERS, INC., Appellant, v MANHATTAN LIFE INSURANCE COMPANY et al., Respondents. (Action No. 2.)—In an action to recover the proceeds of a life insurance policy (action No. 1), and a related action to recover damages for fraud (action No. 2), the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Di Noto, J.), entered June 16, 1988, which denied its motion in action No. 2 for summary judgment, granted the defendants' cross motions for summary judgment, and thereupon dismissed the complaint in action No. 2, and (2) an order and judgment (one paper) of the same court, entered October 24, 1988, which denied the plaintiff's motion in action No. 1 for summary judgment, granted the defendants' cross motions for summary judgment, and thereupon dismissed the complaint in action No. 1.

Ordered that the orders and judgments are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff commenced action No. 1 to recover $1,000,000 under a life insurance policy which the defendant Manhattan Life Insurance Company allegedly should have issued. The complaint set forth causes of action sounding in breach of

contract, negligence and estoppel, and named as defendants the Manhattan Life Insurance Company and its agents. The complaint in action No. 2 alleged that the defendants in action No. 1, and an additional named defendant, Morton L. Konsker, conspired to fraudulently induce the plaintiff to prepay the life insurance premium in question and thereby "lock in the application and deter the applicant from meanwhile shopping elsewhere."

It is undisputed that the plaintiff applied for life insurance coverage for one of its corporate officers through Morton L. Konsker, a defendant in action No. 2. Konsker informed the plaintiff's agent that it would be wise to send, along with the application, a check for the first premium payment. The plaintiff initially declined to do so, and although attempts appear to have been made to deliver payment in the proper amount to the defendant Manhattan Life Insurance Company, this was not accomplished. Manhattan Life Insurance Company received payment of the premium after the application for life insurance was already in its underwriting department.

The proposed insured died two days after the application was delivered to Manhattan Life Insurance Company, before a final decision had been made on the application. However, the insurance company had found that the proposed insured was not insurable at a standard premium rate, which was the type of insurance for which the plaintiff had applied.

Summary judgment was properly granted to the defendant Manhattan Life Insurance Company in action No. 1 because no contract of life insurance ever came into effect between it and the plaintiff. According to clear terms of the application, no insurance would take effect until a policy was issued and delivered, unless coverage had previously taken effect under the terms of the "conditional receipt" portion of the application. A conditional receipt was never issued by the insurer, apparently because the proposed insured was not deemed insurable at a standard premium rate. Pursuant to the terms of the application executed by the plaintiff, in the absence of any showing of acceptance on behalf of the defendant Manhattan Life Insurance Company, no contract of insurance could exist (see, Goldberg v Colonial Life Ins. Co., 284 App Div 678; Bullis v Metropolitan Life Ins. Co., 85 Misc 2d 209; see generally, 68 NY Jur 2d, Insurance, § 636).

Summary judgment was also properly granted in favor of the other defendants in action No. 1. As a matter of law, the plaintiff could not have reasonably relied upon any of the

alleged assertions made by those defendants that coverage had in fact been secured. The clear language of the application constituted documentary evidence that unless a policy or "conditional receipt" was issued, no insurance coverage would exist *(see, Cavallo v Metropolitan Life Ins. Co.,* 47 Misc 2d 247, *affd* 34 AD2d 682).

The complaint in action No. 2, which, in effect, asserted that the defendants conspired to breach their agreements with the plaintiff, failed to set forth a cognizable cause of action *(see, North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171, 179; *Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.