■ CHARLES J. CAMPAIGN, Appellant, v DIME SAVINGS BANK OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered April 29, 1992, which granted defendants' motion for summary judgment and dismissed plaintiff's complaint in its entirety, unanimously affirmed, without costs.

The IAS Court properly determined that a contract of insurance did not exist between the parties because (1) a certificate of insurance was never issued by the defendants, (2) the defendants expressly reserved the right to request a medical examination prior to approval of the insurance application, and (3) such a medical examination was requested but not complied with by the applicant. Thus, a condition precedent to the approval and issuance of such a contract of insurance was not fulfilled *(Erath v Prudential Ins. Co.,* 25 AD2d 707; *Goldberg v Colonial Life Ins. Co.,* 284 App Div 678, *appeal dismissed* 308 NY 958; *Cavallo v Metropolitan Life Ins. Co.,* 47 Misc 2d 247, *affd* 34 AD2d 682).

Plaintiff's claim that an employee of defendant Dime Savings, by an endorsement on the back of the applicant's premium check, allegedly waived any requirement that the applicant submit to a medical examination and an electrocardiogram before consideration of his application for insurance coverage is devoid of merit since the New York Banking Law vests exclusive authority in defendant Savings Bank Life Insurance Fund (SBLIF) to approve applications for savings bank life insurance policies and since savings banks and their employees lack authority to either approve an application or waive any of SBLIF's underwriting requirements, including a physical examination of the applicant *(O'Connell v Eastern Sav. Bank,* 51 NY2d 524, 527-528).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Kassal, JJ.