■ CAROL MENDEL, Respondent-Appellant, v UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK,

Appellant-Respondent. [670 NYS2d 920] —Spain, J. Cross appeals from an order of the Supreme Court (Teresi, J.), entered August 4, 1997 in Albany County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

On March 28, 1963 plaintiff's husband, Francis Mendel, obtained a life insurance policy issued by defendant with a death benefit of $10,000. On March 22, 1995, after consultation with Richard Theissen, an insurance agent, Mendel completed an application to convert his policy to include a $25,000 death benefit. At the suggestion of the agent, for tax purposes, Mendel requested that the new policy be dated March 28, 1995, the anniversary date of the original policy. Mendel's responses to the health questionnaire revealed that he had suffered from prostate cancer; therefore, no premium could be paid until defendant was able to calculate and counter-propose a rated policy reflecting an additional premium associated with the higher underwriting risk. Notably, Mendel's signature on the application identifies him as the "proposed insured". In April 1995 Mendel was diagnosed with lung cancer. Despite further communications with Theissen, including their meeting on June 5, 1995 at which Mendel signed an amendment to his application for life insurance reflecting the increased premium, paid the premium reflecting the March 28, 1995 policy date and received delivery of the policy as amended from Theissen, plaintiff and Mendel never disclosed the lung cancer. As requested by Mendel, the policy makes reference to March 28, 1995 as the "date of issue". On March 1, 1996, Mendel died of lung cancer.

After receiving plaintiff's claim for benefits, defendant investigated and took the position that Mendel's failure to disclose the lung cancer diagnosis during the pendency of the application was material and warranted a denial of the claim. Defendant paid plaintiff only those sums due under the original policy together with refunded premiums and interest. Plaintiff commenced this action to collect the policy benefit under the new policy. Following joinder of issue, which included a counterclaim seeking rescission, defendant moved for summary judgment to dismiss the complaint and for summary judgment on the counterclaim; plaintiff cross-moved for summary judgment. Supreme Court denied the motions, finding material questions of fact regarding the date the policy went into effect and finding that neither party established the necessary evidentiary thresholds in order to establish an entitlement to relief. Defendant appealed and plaintiff cross-appealed.

It is well established that the creation of an enforceable

contract of insurance requires acceptance by the insurance company and communication of that acceptance to the applicant (*see, Somers v Bankers Life & Cas. Co.*, 142 AD2d 780, 782; *Goldberg v Colonial Life Ins. Co.*, 284 App Div 678, *appeal dismissed* 308 NY 958); it also requires compliance with the terms of the application (*see, Great Neck Saw Mfrs. v Manhattan Life Ins. Co.*, 163 AD2d 273, 275, *lv denied* 76 NY2d 711). The conditions precedent within the application must be met before the ripening of the application into a policy of insurance and, significantly, the date of the policy is not conclusive of the date the contract of insurance comes into being (*see, Whitestone Gen. Hosp. v Intramerica Life Ins. Co.*, 60 Misc 2d 656, 659, *affd* 35 AD2d 782). The parties may, within limits (*see*, Insurance Law § 3208), agree to any variety of dates for various policy purposes (*see, Dobrowolski v Penn Mut. Life Ins. Co.*, 68 Misc 2d 888, *affd* 40 AD2d 765; *Forrest v Mutual Benefit Life Ins. Co.*, 195 Misc 12, *affd* 275 App Div 939). Nevertheless, a contract of insurance must still, in the first instance, be created.

Here, the March 22, 1995 application states, in relevant part, as follows: "This application is not a contract of insurance. A contract of insurance shall take effect only if a policy is issued on this application and the first premium is paid in full (a) during the lifetime of all proposed insureds and (b) while there is no change in the insurability and health of all such persons from that stated in this application. * * * Acceptance of any policy issued on this application shall mean acceptance of any change, correction, addition or amendment noted by us in the 'Amendments and Corrections' Section. However, any such change shall require the written consent of the person or persons who sign this application." We reject plaintiff's contention that the use of the date of issue, March 28, 1995, supports the conclusion that the contract of insurance came into effect on that date; in our view, nothing in the record beyond the adoption of the old policy's anniversary date supports that assertion.

Rather, the record reveals that while the application was pending, defendant neither accepted nor communicated an acceptance prior to the diagnosis of lung cancer. Defendant also established that Mendel's written consent to the premium rate change amendment to the application was a condition precedent. That consent requirement, which constituted acceptance of the counteroffer, was not met until June 5, 1995. Notably, while Mendel and Theissen were aware that the disclosed prostate cancer would require an increased premium if the ap-

plication was accepted, there was no determination or agreement as to the amount of the premium when the original application was made. We conclude that the conversion of the policy was not completed until Mendel signed the "amendment to application for life insurance" on June 5, 1995 and that defendant had not accepted the original application for the purposes of entering a contract of insurance at the time of the April 1995 diagnosis of lung cancer. Plaintiff failed at all relevant times to disclose the diagnosis to defendant, and that diagnosis was material to defendant's decision to enter a new contract of insurance with Mendel. The failure to disclose was a material misrepresentation in violation of Mendel's obligations under the pending application for life insurance.

In our view, defendant established a prima facie showing of entitlement to summary judgment as a matter of law, tendering sufficient evidence to eliminate the material issues of facts from the case (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853); in response, plaintiff failed to assemble and lay bare affirmative proof to establish that those matters essential to her cause of action were real and capable of being established at trial (*see, Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916).

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment on the counterclaim and for dismissal of the complaint; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.