■ MICHAEL J. SCHMITT et al., Appellants-Respondents, v NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE OF NEW YORK, Respondent-Appellant. (Action No. 1.) MICHAEL R. DOMENICO et al., as Assignees and Subrogees of KAREN DUNNING DOMENICO, Appellants-Respondents, v NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE OF NEW YORK, Respondent-Appellant. (Action No. 2.) [817 NYS2d 462]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered August 26, 2005. The order denied plaintiffs' motions for summary judgment and defendant's cross motions for summary judgment dismissing the complaints.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motions and dismissing the complaints and as modified the order is affirmed without costs.

Memorandum: The plaintiffs in action Nos. 1 and 2 commenced their respective actions to collect benefits under policies of life insurance issued by defendant to Robert Domenico (decedent). Two of the policies are at issue in action No. 1, and a third policy is at issue in action No. 2. The record establishes that, when decedent applied for the policies in January 2001, he completed applications that included a four-page questionnaire concerning his medical history. Decedent responded in the negative to the question whether he had ever been treated or diagnosed with lymphoma.

On February 26, 2001, decedent met with his treating physician concerning a lump that he noticed in the lower area of his abdomen. After examining decedent, the physician determined that the lump was an enlarged lymph node and prescribed a course of antibiotics for an infection. Decedent was referred to a surgeon when it was determined that he had not responded to the antibiotics, and a biopsy performed on March 22, 2001 revealed that decedent had malignant lymphoma.

Defendant delivered the respective policies to decedent on three dates in April 2001 and, at those times, decedent paid the first premiums on the policies. Decedent did not advise defendant of the diagnosis or that there had been a change in the state of his health. The policies issued to decedent indicated a policy date of March 9, 2001, which was defined in each policy as "the date on which this policy is issued and the insurance coverage becomes effective." Decedent died on May 9, 2002. Defendant disclaimed coverage upon receiving plaintiffs' claims for benefits based on decedent's failure to disclose the lymphoma diagnosis during the pendency of the applications and refunded

the premiums paid, whereupon plaintiffs commenced their respective actions.

We conclude that Supreme Court erred in denying defendant's cross motions for summary judgment dismissing the complaints, and we therefore modify the order accordingly. According to the express terms of each application for the respective insurance policies, "[a]ny insurance issued as a result of this application will . . . not take effect until the full first premium is paid and the policy is delivered to and accepted by the Owner during the Proposed Insured's lifetime and while such person is in the state of health described in all parts of this application . . . ." It is undisputed that the applications did not indicate that decedent had lymphoma, and it is further undisputed that he had been diagnosed with that condition prior to the delivery and payment of the first premium of the respective policies. We conclude that the failure of decedent to notify defendant of the change in the state of his health, i.e., that he was diagnosed with malignant lymphoma, constitutes a "material nondisclosure" as a matter of law (*Meagher v Executive Life Ins. Co. of N.Y.*, 200 AD2d 720, 720 [1994]). We reject the contention of plaintiffs that they raised an issue of fact by asserting that the policies became effective on March 9, 2001 pursuant to their express terms and decedent was unaware of the change in the state of his health prior to that date. "Even though a policy is by its terms to take effect at a certain time it may be shown that, from want of delivery, failure to comply with some condition precedent or other cause, it did not take effect until a subsequent time, a different date or not at all" (*Whitestone Gen. Hosp. v Intramerica Life Ins. Co.*, 60 Misc 2d 656, 659 [1969], *affd* 35 AD2d 782 [1970]). Here, decedent failed to comply with a condition precedent inasmuch as he failed to notify defendant of the change in the state of his health prior to the delivery of the respective policies and payment of the first premiums for each policy, and thus the policies never became effective (*see id.*; *see also Mendel v United States Life Ins. Co. in City of N.Y.*, 248 AD2d 873, 874-876 [1998], *lv denied* 92 NY2d 804 [1998]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.